### BREEN v. SMART.

1. MOTOR VEHICLES—TRIAL—INSTRUCTIONS—NEGLIGENCE.

In action against automobile driver by guest who was injured in collision, plaintiff's claim that court erred in failing to instruct jury fully as to plaintiff's theory of defendant's negligence in driving at greater rate of speed than was reasonable under circumstances, *held*, without merit.

2. SAME—NEGLIGENCE OF OTHER DRIVER.

There was no error in court's stating to jury that negligence of driver of car with which defendant's car collided should not be considered in determining defendant's negligence.

3. 'Same—Emergency.

It was not error for court to instruct jury that they should try to place themselves in defendant's place and determine whether or not his conduct was that of an ordinarily prudent person under similar circumstances, where he was acting in an emergency.

Error to Oakland; Gillespie (Glenn C.), J. Submitted June 11, 1930. (Docket No. 36, Calendar No. 35,001.) Decided October 3, 1930.

Case by Walter E. Breen against Al Smart, Jr., for injuries sustained in an automobile accident. From verdict and judgment for defendant, plaintiff brings error. Affirmed.

*Echlin & Lendzion,* for plaintiff.

*Vandeveer & Vandeveer,* for defendant.

Sharpe, J. Plaintiff and defendant and one Lyle Hickerson, now deceased, were residents of Bemidji, in the State of Minnesota, in 1927. Plaintiff and Hickerson told defendant that they were about to leave for Pontiac, in this State, to take employment in an automobile factory. He told them that he was about to take a trip to Georgia for the benefit of his health, and invited them to accompany him. They accepted his invitation, and the three left Bemidji on December 6th. Later it was arranged that they should drive to Detroit for Christmas dinner with an uncle of Hickerson. While driving on the Telegraph Road, a few miles out of Monroe, on their way to Detroit, about 1:30 in the morning of December 25th, defendant's automobile, driven by him, came into collision with a Chevrolet car, as a result of which Hickerson was killed and plaintiff seriously injured. This action is brought by plaintiff to recover his damages incident thereto. The defendant

had verdict. Plaintiff here seeks review of the judgment entered thereon by writ of error.

The declaration alleged negligence on the part of the defendant in the operation of his car at the time of the accident "at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the highway."

1.    Error is assigned "Because the court erred in not explaining and fully stating to the jury, plaintiff's theory of the case."

In his instructions to the jury the court said:

"The issues which are submitted for your consideration are simple. As I look at the case there are three principal questions for you to determine: First, whether or not the defendant was operating the car at an excessive or unreasonable rate of speed, and, second, whether or not he was guilty of negligence in failing to stop or drive his car off the traveled portion of the road before the accident happened; and, third, if so, whether or not such negligence was the proximate cause of the injuries of which plaintiff complains."

He called attention to the statutory provisions governing defendant's conduct, and stated to them that:

"Under the law of this State, a person who operates his automobile upon the highway in violation of the law, is guilty of negligence *per se.* In order that an injured plaintiff shall reap the advantages arising from the fact that defendant has violated the provisions of the motor vehicle law, and is deemed guilty of negligence, it is essential that the injury of which the plaintiff complains is one which proximately follows the violation of the regulation. If the violation is the proximate cause of the injuries sustained by the plaintiff, the defendant would be liable."

And further:

"I charge you that independent of the statutes of this State, it is the law that a person operating a motor vehicle upon a public highway is bound to use reasonable care and caution in the management and rate of speed of such motor vehicle, having regard to the traffic thereon and the conditions and circumstances surrounding the immediate use thereof, and is further bound to keep a reasonably careful and diligent lookout in the direction in which he is moving, for other vehicles that may be lawfully thereon, in order that the operator of such motor vehicle may avoid collision."

Counsel do not point out wherein the instructions are subject to the complaint made in this respect, and in our opinion the assignment is without merit.

2. Error is assigned upon the following instruction:

"There is no question in this case but that the driver of the Chevrolet car was negligent, but he is not a party to this action and you have no right to consider his negligence in determining whether or not the defendant was negligent."

Plaintiff testified that the Chevrolet car as it approached was "zigzagging along the road;" going "from one side to the other;" that its lights blinded those in the car in which he was riding, and that the collision occurred on the part of the road on which defendant's car was entitled to travel. There was surely no error in stating to the jury that the negligence of the driver of the Chevrolet car was not imputable to the defendant. The duty of the defendant to avoid a collision, if possible, in view of the manner in which the Chevrolet car was handled, was fully explained to the jury. There was no error in this instruction.

3.   The court instructed the jury:

"In determining whether or not the defendant was guilty of negligence in failing to stop his car or drive further to the side of the road before the accident happened, the jurors should try and place themselves in the position of the defendant and determine whether or not under all of the circumstances of the case, his conduct was that which would be exhibited by an ordinarily prudent and careful person under the same circumstances."

The charge as a whole (too lengthy to be here inserted) very fully protected the rights of both parties.   While a jury must decide disputed questions of fact on the evidence submitted, we do not think it was error to say to them that they should try to place themselves in the position of one acting in an emergency, as was the defendant, in determining whether his conduct was negligent.

The other assignments do not seem to merit discussion.   The case was carefully tried.   We cannot say that the verdict was against the great weight of the evidence.

The judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.